IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHAWNTELL CURRY,

                                                          ORDER

                Petitioner,

                                            08-cv-188-slc[1]

      v.

C. HOLINKA (Warden),

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Shawntell Curry is an inmate at the Federal Correctional Institution in Oxford, Wisconsin, serving a sentence imposed by the United States District Court for the Northern District of Illinois. Petitioner contends that he must be released because his sentence was based on false and inaccurate information in his presentence report in violation of the

---

[1] On March 11, 2008, I entered an order stating that 50% of all civil cases, with several exceptions unrelated to this case, would be assigned randomly to Magistrate Judge Stephen L. Crocker during the period of Judge Shabaz's convalescence and rehabilitation following shoulder surgery. This is one of those cases. However, because the case was under advisement for screening before the parties could be offered an opportunity to decline to have the magistrate judge hear the case, I assumed jurisdiction over the case to enter this dispositive order.

1

Constitution and laws of the United States. Although petitioner has paid the $5 filing fee, his petition will be dismissed for lack of jurisdiction.

Because petitioner is a prisoner serving a sentence imposed by a federal court, his request for relief from his sentence is governed by 28 U.S.C. § 2255. Petitioner contends that he has previously filed a motion under § 2255 attacking his sentence and that the motion was denied and the denial was affirmed by the Court of Appeals for the Seventh Circuit. Petitioner contends further that he tried to file a successive § 2255 motion but the motion was dismissed. Now petitioner seeks relief in this court under 28 U.S.C. § 2241.

Under § 2255(e) a prisoner may petition for a writ of habeas corpus under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Petitioner contends that the remedy provided by § 2255 is inadequate because his first and second collateral attacks under § 2255 were denied and another motion under § 2255 will mostly likely be denied because he does not contend that he has newly discovered evidence or that a new rule of constitutional law applies to this situation as required by § 2255(h). However, petitioner is mistaken regarding what makes a § 2255 remedy inadequate or ineffective. "[T]he statutory limitation to a single collateral attack, unless the conditions of § 2255 ¶8 (elaborated in 28 U.S.C. § 2244) have been met, does not render § 2255 inadequate or ineffective." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

2

Moreover, the remedy under § 2255 is adequate and effective so long as a prisoner has had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction or sentence." In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998). Stated another way, "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review." Taylor, 314 F.3d at 835 (citations omitted). Petitioner has already had two rounds of effective collateral review, which provided him with "an unobstructed procedural shot at getting his sentence vacated." Davenport, 147 F.3d at 609. He had his first chance to address his concerns regarding his sentence when he appealed his conviction and he had his second chance when he filed his first § 2255 motion. "[T]wo rounds of judicial review are sufficient in all but the extraordinary situation," such as, "when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." Taylor, 314 F.3d at 835, 836. Petitioner does not have an extraordinary situation. Although in his previous collateral attacks petitioner did not raise the specific sentencing concerns he raises in his current petition, he could have raised those concerns then. Failing to raise a concern on a previous collateral attack does not entitle petitioner to yet another collateral attack because "[s]ociety [ ] is unwilling to expend indefinitely large judicial resources on repeated testing of the accuracy of a determination of guilt." Davenport, 147 F.3d at 610. Petitioner has had ample opportunities to obtain collateral relief regarding the legality of his sentence. Therefore, his petition for writ of habeas corpus will be dismissed for lack of jurisdiction in

3

accordance with 28 U.S.C. § 2255(e).

## ORDER

IT IS ORDERED that Shawntell Curry's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

Entered this 29th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4